UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C'QUAN HINTON,

          Petitioner,          Case No. 13-14584

v.

                                              HON. AVERN COHN

DUNCAN McLAREN,

          Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 14)</u>**

I.

Petitioner, C'Quan Hinton, a state prisoner, filed this case under 28 U.S.C. § 2254. On July 2, 2015, the Court denied the petition and denying a certificate of appealability. (Doc. 13). Before the Court is Petitioner's motion for reconsideration, contending that the Court erred in its analysis of several of his claims. For the reasons that follow, the motion is DENIED.

II.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. <u>See</u> E.D. Mich. LR 7.1(h)(3). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. <u>Witzke v. Hiller</u>, 972 F. Supp. 426, 427 (E.D. Mich. 1997). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not

be granted. Ford Motor Co. v. Greatdomains.com, Inc., 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

### III.

Petitioner has not satisfied the standard for reconsideration. The issues raised in the motion were already ruled upon in denying the petition. Specifically, Petitioner's claims regarding the closure of the courtroom were fully addressed. As the Court explained, Petitioner's counsel waived the right to a public trial when the jurors were questioned and he was not ineffective for so doing. The Supreme Court has never held that the waiver was required to be obtained personally from Petitioner. Nor was Petitioner required under clearly established Supreme Court law to be present when the jurors were questioned about the alleged threats to their safety, and again counsel was not ineffective for failing to object. There is nothing in Petitioner's motion which shows that reconsideration is warranted.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2015
      Detroit, Michigan